OTT, Judge.
The question here, for which we find no answer in the reported decisions, is whether Chapter 479, Florida Statutes [1], requires a new permit each time a new party gets involved with an outdoor billboard. We conclude that Section 479.07 requires only one annual permit for each billboard, which sanctions its use (for the license year) by the permittee or any otherwise lawful user. Accordingly, we reverse a summary judgment voiding an advertising contract because no new permit was obtained for the already-licensed billboard.
Moody Signs of Ocala (Moody) held a valid, current, annual permit to use and maintain a billboard it owned. Moody leased the billboard to appellant, Young Sign Company, Inc., who entered into a two year contract with appellee, John M. Mac-chione, to advertise the latter’s motel on the billboard. Appellant did not apply for or obtain any additional permit to use or maintain the billboard, or secure a transfer of the Moody permit or obtain listing as an additional permittee. Appellee defaulted in payments due under the contract and Young brought suit. Appellee defended on the ground that the contract was unenforceable, since appellant had not secured an additional permit of its own.
The trial court upheld the appellee’s defense and ruled that appellant’s failure to obtain the permit required by Section 479.-07 rendered the contract illegal and unenforceable under Section 479.18.
We do not agree. Chapter 479 manifests a legislative intent to control the size, location and density of outdoor advertising. To that end, Section 479.07 requires a permit for each sign erected. A permanent metal tag is issued by the state, and it must be affixed to the sign. The permit must be renewed each year. Nowhere does the statute indicate any state interest in the content of any such sign; nor in how many advertisers, advertisements or sublessees enter the picture during the license year; nor in how many others perform some lawful function in connection with the sign. In sum, we can find nothing in the Chapter either expressly or inferentially requiring the owner of a billboard to obtain a new *825 annual permit every time the advertiser or advertising is changed. Merely stating such a proposal suggests its incongruity'.
In defense of the action below, ap-pellee points to the wording of Section 479.-07(1), declaring that “no person shall construct, erect, operate, use, maintain . any outdoor advertising structure . without first obtaining a permit therefor . ” and argues that each user of a billboard must have a permit. In our view, however, the words “a permit therefor” refer to and mean a permit or license for the sign, not one for each use of the sign. Were it otherwise, everyone in the chain— landowner, constructor, erector, operator, user, maintainer — would be required to obtain a separate annual permit for the same sign to cover each actor or activity with the sign.
Moreover, we are of the opinion that even if the statute did require some application for official recognition of the lease, or a transfer of the permit to the appellant lessee, that alone would not provide the appellee with a complete defense to an otherwise valid contract.
The summary judgment is reversed and the case remanded for further proceedings in conformity with this opinion.
GRIMES, C. J., and BOARDMAN, J., concur.

. Repealed by Laws 1976, effective July 1, 1982.